**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| STUDIO 417, INC., GRAND STREET DINING, LLC, GSD LENEXA, LLC, TREZOMARE OPERATING COMPANY, LLC, and V'S RESTAURANT, INC., each individually on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CINCINNATI INSURANCE COMPANY, INC.,<br><br>Defendant. | Case No. 20-cv-03127-SRB |
| JACOB RIEGER & COMPANY LLC, HEIM MASTER TENANT LLC, HEIM BUILDING LLC, TIGER NOTIONS INC. D/B/A JAZZ A LOUISIANA KITCHEN, LINEAR NOTIONS INC. D/B/A JAZZ A LOUISIANA KITCHEN / PAPA VIC'S THE JIGGER, RACING NOTIONS INC. D/B/A JAZZ A LOUISIANA KITCHEN, VIENNA GROUP LLC D/B/A GRUNAUER, MUSICAL THEATRE HERITAGE, INC., individually and on behalf of other similarly situated insureds,<br><br>Plaintiffs,<br><br>v.<br><br>THE CINCINNATI INSURANCE COMPANY, INC.,<br><br>Defendant. | Case No. 4:20-cv-00681-SRB<br><br>Related to: *K.C. Hopps v. The Cincinnati Ins. Co., Inc.*, Case No. 4:20-cv-00437-SRB |

**MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
AND SUGGESTIONS IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 23(g), Plaintiffs Studio 417, Inc., Grand Street Dining, LLC, GSD Lenexa, LLC, Trezomare Operating Company, LLC, and V's Restaurant, Inc. (collectively, "*Studio 417* Plaintiffs"), and Plaintiffs Jacob Rieger & Company LLC, Heim Master Tenant LLC, and Heim Building LLC; Tiger Notions Inc. d/b/a Jazz A Louisiana Kitchen, Linear Notions Inc. d/b/a Jazz A Louisiana Kitchen / Papa Vic's The Jigger, and Racing Notions Inc. d/b/a Jazz A Louisiana Kitchen; Vienna Group LLC d/b/a Grunauer; and Musical Theatre Heritage, Inc. (collectively, "*Rieger* Plaintiffs") respectfully request the appointment of Patrick J. Stueve of Stueve Siegel Hanson LLP ("SSH") and Thomas A. Rottinghaus of Wagstaff & Cartmell LLP ("Wagstaff Cartmell") as Interim Co-Lead Class Counsel. A proposed order is being submitted in conjunction with this Motion.

## I. NATURE OF THE CASE

Businesses across the country have been devastated by the ongoing COVID-19 pandemic. Since the disease began to spread rapidly across the country in late February and early March 2020, almost every business has had to shut down or suspend operations, at least for a time, and have taken other drastic and unprecedented action to protect their customers, employees, and general public from COVID-19. Many businesses have insurance policies that protect them against events like COVID-19. But the insurance industry appears to be taking a uniform approach to the current pandemic of denying claims for coverage.

Defendant The Cincinnati Insurance Company, Inc. ("Cincinnati Insurance") denied insurance claims made by the *Studio 417* Plaintiffs and *Rieger* Plaintiffs. As a result, both groups of Plaintiffs filed suit against Defendant in this Court. On April 27, 2020, Wagstaff Cartmell along with co-counsel Brandon Boulware of Boulware Law and Todd Johnson of Votava Nantz

& Johnson, LLC filed the *Studio 417* case.[1] On August 24, 2020, SSH, along with co-counsel Kent Emison of Langdon & Emison LLC, John Schirger of Miller Schirger LLC, and Richard F. Lombardo of Shaffer Lombardo Shurin, P.C., filed the *Rieger* case. Both *Studio 417* and *Rieger* assert claims for declaratory judgment and breach of contract on behalf of the named Plaintiffs and other similarly situated policyholders, arising from Defendant's refusal to pay claims related to COVID-19 as required by insurance agreements it sold to Plaintiffs and other insureds. If appointed, Mr. Stueve and Mr. Rottinghaus would file a motion asking to consolidate these two cases.

## II. LEGAL ARGUMENT

### A. *The Standards for Appointing Class Counsel*

Federal Rule of Civil Procedure 23(g) was codified in 2003 to respond "to the reality that the selection and activity of class counsel are often critically important to the successful handling of a class action." *See* Fed. R. Civ. P. 23(g), Committee Notes on Rules, 2003 Amendment. It provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Appointment of interim class counsel can be a useful tool to protect the interests of the class during pre-certification activities. *See* Manual for Complex Litigation (Fourth) § 21.11 (2009) (hereinafter "Manual"). As the Advisory Committee Notes recognize, interim counsel would be charged with conducting pre-certification discovery, motion practice, and any settlement discussions on behalf of the proposed class as well as the named representatives. Fed. R. Civ. P. 23(g), Committee Notes on Rules, 2003 Amendment; *accord* Manual § 21.11 (explaining

---

[1] On June 1, 2020, Studio 417 filed a First Amended Complaint adding Grand Street Dining, LLC, GSD Lenexa, LLC, Trezomare Operating Company, LLC, and V's Restaurant, Inc. as additional class representatives and Thomas A. Rottinghaus and Tyler W. Hudson of Wagstaff Cartmell as additional class counsel.

benefits of having interim class counsel manage pre-certification matters). Appointing interim counsel to perform these functions eliminates potential confusion and duplicative efforts.

While neither Rule 23(g)(3) nor the Advisory Committee Notes explicitly set forth the standards to be applied in choosing interim class counsel, it is generally accepted that the Rule 23(g)(1)(A) factors that apply when designating class counsel after certification also apply in choosing interim class counsel. *See Crocker v. KV Pharmaceutical Co.*, 2009 WL 1297684, at *1 (E.D. Mo. 2009) (same criteria apply to selection of interim class counsel). Rule 23(g)(1)(A) states that courts shall consider the following factors when considering the appointment of class counsel:

> (i)  the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent" the class members and their interests. Fed. R. Civ. P. 23(g)(1)(B). All of these factors weigh strongly in favor of appointing Mr. Stueve and Mr. Rottinghaus as Interim Co-Lead Counsel for the proposed classes of insureds named in the *Studio 417* and *Rieger* complaints.

### B. Patrick Stueve and Thomas Rottinghaus Should Be Appointed as Co-Lead Counsel

All of the relevant considerations under Rule 23(g) favor the appointment of SSH and Wagstaff Cartmell as co-lead counsel for the class of businesses affected by the denial of business interruption insurance coverage by Cincinnati Insurance.

Proposed Interim Co-Lead Counsel have spent significant time and effort investigating

and preparing to file cases on behalf of insureds for covered losses arising from COVID-19. Importantly, Wagstaff Cartmell and SSH (and their respective co-counsel) defeated motions to dismiss filed by Defendant in this Court. *See Studio 417, Inc. v. Cincinnati Ins. Co.*, No. 20-CV-03127-SRB, --- F. Supp.3d ---, 2020 WL 4692385 (W.D. Mo. Aug. 12, 2020); Order (Dkt. 29), *K.C. Hopps, Ltd. v. The Cincinnati Ins. Co.*, No. 20-cv-00437-SRB (W.D. Mo. Aug. 12, 2020) (SSH and Langdon & Emison). The *Rieger* case involves the same Defendant, Cincinnati Insurance Company, as *Studio 417* and *K.C. Hopps*, and Defendant filed an Answer in response to Plaintiffs' Class Action Complaint, likely reflecting the futility of filing a second motion to dismiss given the similarity of the language of the policies at issue.[2] Defendant also chose to answer, rather than move to dismiss, another putative class action filed by Boulware Law and Wagstaff Cartmell. *See Posh KC, LLC, et al. v. The Cincinnati Ins. Co.*, No. 20-cv-00675 (W.D. Mo. Sept. 19, 2020).[3]

      The proposed Interim Co-Lead Class Counsel have filed 17 total lawsuits to date against insurance companies for losses from COVID-19[4] and plan to file more. In evaluating and filing

---

[2] In addition to *K.C. Hopps* and this case, SSH and Langdon & Emison also filed a case against Defendant in the United States District Court for the District of Kanas. *See Promotional Headwear Int'l v. The Cincinnati Ins. Co., Inc.*, No. 20-cv-2211-JAR-GEB (D. Kan.). Defendant's Motion to Dismiss is fully briefed and awaiting decision.

[3] This Court also denied another motion to dismiss in COVID-19 litigation that was opposed by SSH and Langdon & Emison. *See* Order (Dkt. 20), *Blue Springs Dental Care, LLC, et al. v. Owners Ins. Co.*, No. 20-CV-00383 (W.D Mo. Sept. 21, 2020).

[4] *Promotional Headwear Int'l v. The Cincinnati Ins. Co.*, No. 20-cv-2211-JAR-GEB (D. Kan.); *Zwillo V, Corp d/b/a Westport Flea Market Bar & Grill v. Lexington Ins. Co.*, No. 20-cv-00339-RK (W.D. Mo.); *Alliance Radiology, P.A. v. Continental Casualty Co.*, No. 20-cv-02218-JAR-GEB (D. Kan.); *Blue Springs Dental Care LLC, et al.*, No. 20-cv-00383-SRB (W.D. Mo.); *Club 31 Sports Bar & Lounge, LLC a/k/a Club 31 Sports Bar & Grill*, No. 20-cv-00397-BCW (W.D. Mo.); *632 Metacom Inc. d/b/a Hometown Tavern v. Certain Underwriters at Lloyd's London Subscribing to Policy No. XSZ146282*, No. 20-cv-03905-UA; *RPR Enterprises, Inc., d/b/a Topsy's Popcorn & Ice Cream et al. v. Union Ins. Co.*, No. 20-cv-02256-JWB-GEB (D. Kan.); *K.C. Hopps, Ltd. v. The Cincinnati Ins. Co.*, No. 20-cv-00437-RK (W.D. Mo.); *Rockhurst*

5

these cases, SSH and Wagstaff Cartmell have reviewed and analyzed hundreds of different insurance policies; prepared and submitted claims on behalf of clients; communicated with insurance companies and responded to questions from insurance companies about submitted claims; engaged experts in a variety of areas, including epidemiology; and performed substantial legal research. Apart from the motions to dismiss this Court has decided, the defendant-insurer in seven of the cases SSH and co-counsel initiated have filed a motion to dismiss, requesting complete dismissal of the case.

Further, the proposed Interim Co-Lead Counsel have aggressively prosecuted the cases against Cincinnati Insurance in this Court. In *Studio 417*, the Court entered a scheduling order establishing class certification, fact and expert discovery, and other pretrial deadlines as well as a trial date. The *Studio 417* Plaintiffs have already served written discovery, and Defendant (after receiving a 30-day extension) will produce documents and interrogatory answers on October 16. Plaintiff also served discovery in the *K.C. Hopps* case. Thus, although these cases are in their early stages, the proposed Interim Co-Lead Counsel (including their co-counsel) have spent considerable time litigating them and pushing their cases forward.

In addition, as set forth in detail below, and in the attached declarations, Mr. Stueve and Mr. Rottinghaus and their respective firms have extensive experience handling complex commercial litigation, class actions, and MDL cases, and they possess significant knowledge of

---

*University and Maryville Univ. v. Factory Mutual Ins. Co.*, No. 20-cv-00581-BCW (W.D. Mo.); *Benedictine College v. Zurich Am. Ins. Co.*, No. 20-cv-02361-JWB-KGG (D. Kan.); *Patrick B. Lillis DDS v. Aspen Am. Ins. Co.*; No. 20-cv-02368-EFM-GEB (D. Kan.); *Scott Craven DDS PC and Met Building LLC v. Cameron Mutual Ins. Co.*, No. 20CY-CV063812 (Circuit Court of Clay County, Missouri); *Jacob Rieger & Co. LLC, et al. v. The Cincinnati Ins. Co., Inc.*, No. 20-cv-00681-SRB (W.D. Mo.); *Roy's Furniture Building LLC v. Soc'y Ins.*, No. 20-cv-04918-JRB-SMF (N.D. Ill.); *Posh KC, LLC, et al. v. The Cincinnati Ins. Co.*, No. 20-cv-00675 (W.D. Mo.); *Planet Sub Holdings, Inc., et al. v. State Auto Prop. & Cas. Co., Inc,*, No. 20-cv-00577 (W.D. Mo.); *Studio 417, Inc. v. Cincinnati Ins. Co.*, No. 20-CV-03127-SRB (W.D. Mo.).

applicable law. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii), (iii). These firms will devote their substantial resources to representing the putative classes. *Id.* at (iv) (the court must consider the resources counsel will commit to representing the class).

### i. Stueve Siegel Hanson LLP

Stueve Siegel Hanson LLP is a Kansas City-based firm with a nationwide practice that focuses on complex commercial and class litigation and trials involving business torts, antitrust, consumer fraud, and securities violations. The firm has recovered hundreds of millions of dollars for its individual and class action clients. Detailed information on the firm's experience and ability is contained in the attached Declaration of Patrick J. Stueve, Ex. 1.

The firm has extensive experience serving in leadership roles in complex and class action litigation throughout the Eighth Circuit and around the country. In this district, Stueve Siegel was appointed as co-lead counsel in *In Re Pre-Filled Propane Tank Marketing and Sales Practices Litigation*, MDL No. 2567, before the Hon. Gary A. Fenner. Previously, the firm has been appointed to the leadership structure in *In re "Simply Orange" Orange Juice Marketing and Sales Practices Litigation*, MDL No. 2361, before the Hon. Fernando J. Gaitan and *In re H&R Block, Inc. Express IRA Marketing Litigation*, MDL No. 1786, before the late Hon. Richard E. Dorr. Mr. Stueve was appointed co-lead counsel and litigation and settlement class counsel by the Hon. John W. Lungstrum of the District of Kansas in *In re Syngenta AG MIR162 Corn Litigation*, MDL No. 2591. Mr. Stueve obtained a $217.7 million jury verdict in favor of a class of Kansas farmers, before the case eventually settled on a nationwide basis for $1.51 billion, which is the largest agricultural settlement in U.S. history.

Stueve Siegel Hanson has a diverse insurance practice. The firm has for years represented individuals and businesses against insurance companies. Most recently, in July 2020, the Eighth

Circuit Court of Appeals affirmed a $34.3 million jury verdict against State Farm Life Insurance Co. for overcharges on life insurance policies in the case of *Michael Vogt v. State Farm Life Insurance Company*. The class action was filed in June 2016, in the Western District of Missouri and tried to verdict in front of the Hon. Nanette K. Laughrey in June 2018. In February 2016, Mr. Stueve secured final approval from an Indiana court of a $2.25 billion death benefit settlement of a nationwide class action lawsuit against The Lincoln National Life Insurance Company over alleged life insurance policy overcharges. In *Bezich v. Lincoln National Life Insurance Company*, Mr. Stueve argued and won nationwide class certification in the lower court and secured a very favorable appellate ruling certifying a nationwide class on all three claims asserted by Bezich that then led to the settlement covering approximately 77,000 policy owners across 30 states. The term life insurance certificates issued to class members had a total face amount of death benefits estimated at $2.25 billion, with a market value of approximately $171.8 million.[5]

Mr. Stueve brings experienced counsel from his law firm with him, including Abby McClellan, Bradley Wilders, and Curtis Shank. Each has significant experience in large, complex litigation and class actions. Ms. McClellan holds a committee position on the leadership committees in *Taxotere* and *3M Earplugs*, and has substantial experience in other MDLs. Mr. Wilders and Mr. Shank each had substantial roles in the *Syngenta* litigation, including the trial of the Kansas class action in that MDL.

In short, Mr. Stueve and Stueve Siegel Hanson are intimately familiar with the law and claims in this case, and local procedure and practice in this Court. The firm has ample resources

---

[5] Miller Schirger LLP—co-counsel in these cases with SSH and Langdon & Emison—were also co-lead counsel in these and other insurance-related cases with Stueve Seigel.

to staff and finance the prosecution of this action over a period of years, and is committed to doing so. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv).

### ii. Wagstaff Cartmell

Thomas Rottinghaus has recently worked with a national team of lawyers pursuing plaintiffs' claims through fact discovery against a drug distributor in cases pending in the United States District Court for the Northern District of Ohio. *In re: National Prescription Opiate Litigation*, MDL No. 2804. Mr. Rottinghaus has also taken a leadership role (pending nomination to serve on the Plaintiffs' Leadership Committee) in the prosecution of nationwide product liability claims against a leading manufacturer of vena cava filters in California. *In Re: Cordis IVC Filter Cases*, JCCP 4977 (Alameda County, Ca.). Mr. Rottinghaus and his firm have been involved in the prosecution and administration of thousands of product liability claims against various multiple pelvic mesh manufacturers as part of the largest MDL in the country by number of cases. Further information regarding Wagstaff & Cartmell's experience in complex litigation is set forth in the Declaration of Thomas A. Rottinghaus, Ex. 2.

Mr. Rottinghaus is overseeing the investigation and prosecution of over 400 business interruption claims on behalf of businesses in over 40 states against various insurers, including Cincinnati Insurance Company. He and his firm have devoted significant time and resources to the pursuit of these claims.

Equally capable lawyers and legal staff from the Wagstaff & Cartmell firm will provide significant depth and resources in this case. Tyler Hudson of the firm will be involved in the prosecution of Plaintiffs' claims. Mr. Hudson has held leadership roles on behalf of plaintiffs in class litigation. He was interim co-lead counsel in a putative class action against the dominant provider of electronic prescription routing services to pharmacies alleging illegal monopolization

and other antitrust violations by the company and alleged co-conspirators. *In re Surescripts Antitrust Litigation* (N.D. Ill.). He has also served as court appointed lead counsel for a certified class of more than 200,000 merchants suing an independent sales organization for breach of contract, fraud, and RICO violations, alleging the company engaged in a scheme to overbill small businesses on credit card processing fees. *Skip's Precision Welding, et al. v. Central Payment Co.* (D. Neb.)

Sarah Ruane of the firm will also assist in the pursuit of Plaintiffs' claims. Ms. Ruane has experience in handling complex claims. She, along with her partners, handled to completion a sophisticated class action involving excessive oil and battery consumption. *See Bang v. BMW of North America,* 2:15-cv-6945 (D.N.J.). She was a member of the team that represented Jackson County, Missouri in a case seeking certification of a class of detainees alleging poor conditions inside the Jackson County Detention Center. *See Prado v. Jackson County, Missouri,* 4:17-cv-506 (W.D. Mo.). She has been extensively involved in the trial preparation and administration of hundreds of pelvic mesh claims. *In re: Ethicon Inc. Pelvic Repair System Products Liability Litigation.*

Wagstaff & Cartmell has a proven track record in complex litigation. The firm has held leadership positions in the following matters:

- *JUUL Labs, Inc.*, MDL No. 2913 (N.D. Cal.)

- *3M Combat Arms Earplug Products Liability*, MDL No. 2885 (N.D. Fla.)

- *In re Ethicon Products Liability Litigation*, MDL No. 2327 (S.D. W.V.).

- *In re Cook Medical, Inc., IVC Filters Marketing, Sales and Products Liability Litigation*, MDL 2570 (S.D. Ind.)

- *In re Avandia*, MDL No. 1871 (E.D. Pa.)

- *In re Zoloft*, MDL No. 2342 (E.D. Pa.)

- *In re Depuy Pinnacle Hip Implants*, MDL No. 2244 (N.D. Tex.)

- *In re Bextra and Celebrex*, MDL 1699 (N.D. Cal.)

Mr. Rottinghaus and Wagstaff Cartmell are knowledgeable of the law and claims in this case as well as the local procedure and practice of the Court. Wagstaff Cartmell has the necessary resources to staff and finance the prosecution of this action and is committed to leading this litigation through its completion.

## CONCLUSION

The proposed leadership structure offers extensive experience, knowledge, and resources in the field of insurance litigation. Appointing Patrick J. Stueve of Stueve Siegel Hanson and Thomas A. Rottinghaus of Wagstaff Cartmell as co-lead counsel for the classes will protect the interests of the putative class members. *See* Fed. R. Civ. P. 23(g)(4) (class counsel must fairly and adequately represent the interests of the class). *Studio 417* Plaintiffs and *Rieger* Plaintiffs respectfully request that the Court adopt their suggested leadership structure and enter the proposed order submitted herewith.

Date: October 8, 2020

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

*s/ Patrick J. Stueve*
Patrick J. Stueve, MO Bar # 13847
Bradley T. Wilders, MO Bar # 78301
Curtis Shank, MO Bar # 66221
Abby E. McClellan, MO Bar # 66069
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:   816-714-7100
Facsimile:   816-714-7101
Email:   stueve@stuevesiegel.com
Email:   wilders@stuevesiegel.com
Email:   shank@stuevesiegel.com

Email: mcclellan@stuevesiegel.com

WAGSTAFF & CARTMELL LLP

/s/ Thomas A. Rottinghaus
Thomas A. Rottinghaus   MO # 50106
Tyler W. Hudson   MO # 53585
Sarah S. Ruane   MO # 59083
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 (telephone)
(816) 531-2372 (facsimile)
thudson@wcllp.com
trottinghaus@wcllp.com
sruane@wcllp.com

BOULWARE LAW LLC

/s/ Brandon J.B. Boulware
Brandon J.B. Boulware   MO # 54150
Jeremy M. Suhr   MO # 60075
1600 Genessee Street, Suite 416
Kansas City, MO 64102
Tele:   (816) 492-2826
Fax:   (816) 492-2826
brandon@boulware-law.com

VOTAVA NANTZ & JOHNSON, LLC

BY: /s/ Todd Johnson
TODD JOHNSON   MO #48824
9237 Ward Parkway, Suite 240
Kansas City, MO 64114
Tele:   (816) 895-8800
Fax:   (816) 895-8801
tjohnson@vnjlaw.com

LANGDON & EMISON LLC

J. Kent Emison   D. Kan. #78360
911 Main Street
PO Box 220
Lexington, Missouri 64067
Phone: (660) 259-6175
Fax: (660) 259-4571

kent@lelaw.com

MILLER SCHIRGER LLC

John J. Schirger     D. Kan. #78228
Matthew W. Lytle     D. Kan. #78109
Joseph M. Feierabend    D. Kan. #78350
4520 Main Street, Suite 1570
Kansas City, MO 64111
Telephone: (816) 561-6500
Facsimile:    (816) 561-6501
jschirger@millerschirger.com
mlytle@millerschirger.com
jfeierabend@millerschirger.com

SHAFFER LOMBARDO SHURIN, P.C.

Richard F. Lombardo   KS#22326
Dawn M. Parsons   KS#16346
Michael F. Barzee   KS#27217
Rachael D. Longhofer   KS#25451
2001 Wyandotte Street
Kansas City, MO 64108
816-931-0500
816-931-5775 (Fax)
rlombardo@sls-law.com
dparsons@sls-law.com
mbarzee@sls-law.com
rlonghofer@sls-law.com

*Attorneys for Plaintiff and the Proposed Classes*